**DEVELOPMENT BANK OF AMERICAN SAMOA, and EDWIN & FOTU HOLLISTER, Plaintiffs,**

**v.**

**ATTORNEY GENERAL OF AMERICAN SAMOA, and TERRITORIAL REGISTRAR, Defendants**

High Court of American Samoa
Trial Division

CA No. 146-96

December 19, 1996

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Katopau T. Ainu'u
For Defendants, Henry W. Kappel, Assistant Attorney General

Order on Motion for Declaratory Relief:

Plaintiffs move for declaratory judgment as to their rights under a warranty deed granted to them by Ulupona Solomona.

## FACTS

The facts of this case are not at issue. On or about June 28, 1989, a deed of conveyance to individually owned land was executed and delivered by the original grantor Opapo Afualo to Ulupona and Logomamao Solomona. That deed did not specify the tenancy type under which the property was to be held. At the time of the conveyance, Ulupona and Logomamao were living together as husband and wife.

On March 6, 1994, Ulupona's wife, Logomamao Solomona, passed away. Ulupona continued living on the land after his wife's death until July of this year. On July 11, 1996, Ulupona purported to convey the land to plaintiffs, Edwin and Fotu Hollister, by warranty deed. On that same day, the deed was presented to the Territorial Registrar's Office for recordation. On the advice of the Attorney General, the Territorial Registrar refused to record the warranty deed. The Attorney General, deferring to precedent of this court, argues that the deeded property was held by Ulupona and his deceased wife Logomamao as tenants in common and that Logomamao's interest is subject to probate.

The sole issue before us is the type of tenancy created by the initial conveyance by Opapo Afualo.[1]

---

[1] We note that there may be personal property contained within the house which may be subject to probate. However, that issue is not presently before the court.

104

## DISCUSSION

A.S.C.A. § 1.0201(4) states the common law of England applies in American Samoa as long as it "is suitable to the conditions in American Samoa and not inconsistent with this section." At common law:

> If an estate in fee was given to a man and his wife, they are neither properly joint-tenants or tenants in common: for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, per tout, et non per my: the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor.

Annotation, *Deed to Husband and Wife--Estate Taken*, 161 A.L.R. 457, 458 n.1 (1946) (quoting 2 Blackstone's Commentaries, 182).

 This tenancy is commonly referred to as a tenancy or estate "by the entireties." Thus generally speaking, "at common law and in jurisdictions which still follow the common-law rule, a conveyance to husband and wife during coverture, ordinarily creates an estate by the entireties and not a joint tenancy or tenancy in common." *Id.*, at 458. *See also* 41 AM.JUR.2D *Husband and Wife* §§ 55-57. Although a grantor can expressly grant some other form of tenancy to a husband and wife, the intention on the part of the grantor to create a tenancy by the entireties is presumed in the absence of such express language to the contrary. 161 A.L.R. at 462-468. Thus, under common law the conveyance of property from Opapo Afualo to the Ulupona and Logomamao Solomona, while husband and wife, created a tenancy by the entireties with the incumbent right of survivorship.

However, as defendants point out, this court in *Emmelina v. Aneki*, 2 A.S.R. 444 (Trial Div. 1949) (relying on *Joseph Willis v. Robert Willis et al.*, 2 A.S.R. 276 (Trial Div. 1947) stated that the doctrine of joint tenancy, was inapplicable in American Samoa because its attendant right of survivorship was unfair to heirs. *Id.* at 446. Although, the *Emmelina* court did not specifically address the doctrine of tenancy by the entireties, it is clear that the court's decision is equally applicable thereto, in light of the attendant right of survivorship which also attaches to a tenancy by the entireties.

The difficulty presented today is that the court in *Emmelina* gave little explanation about exactly why the right of survivorship is unsuitable in American Samoa. The court first alludes to legislative bias against joint

tenancies evident in other jurisdictions, and then appears to base its decision solely on the fact that some heirs may not inherit property, which they would have if the tenancy had been a tenancy in common rather than a joint tenancy. This, however, is true of any jurisdiction which accepts joint tenancies or tenancies by the entireties. A right of survivorship, by definition, necessarily precludes an heir of the deceased from inheriting the property. We do not believe that this is a reflection of any special circumstances in American Samoa. There is no peculiar Samoan condition apparent to us which guarantees the heirs of a decedent a portion of his or her individual property. Indeed, there is nothing in the laws of the Territory that prevents a landowner, of non-communal property, from disentitling an heir either by testamentary or *inter vivos* disposition. Whatever the circumstances in American Samoa in 1949, we find no circumstances now which would prevent the application of the common law doctrines of joint tenancy and tenancy by the entireties to both freehold and individually owned land. At the same time, the Territorial Legislature has not seen fit to abolish or restrict the common law notion of joint tenancy and survivorship. We are therefore constrained to limit the holding in *Emmelina* and *Willis* to the facts of those cases.

Defendant also argues that the right of survivorship conflicts with American Samoa's laws of descent and distribution, as set forth in A.S.C.A. § 40.0202. We do not agree. The statute merely provides for intestate succession of property. It does not proscribe other forms of succession i.e. a testamentary will. It does not protect the right of heirs per se, it merely protects the rights of heirs when the deceased dies intestate.

## CONCLUSION

We limit the holdings of *Emmelina v. Aneki* and *Willis v. Willis*, which preclude tenancies with rights of survivorship as to freehold and individually owned land, to the facts of those cases. We find no conditions in American Samoa which make these common law doctrines unsuitable.

We hold that the conveyance from Opapo Afualo to Ulupona and Logomamao, as husband and wife, was a conveyance of a tenancy by the entirety. As such, upon Logomamao's death Ulupona succeeded to his wife's entire interest in the land. Therefore, Ulupona's subsequent conveyance to Edwin and Fotu Hollister was a conveyance of the entire estate.

The Clerk of the Courts shall file a copy of this order with the Territorial Registrar.